UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE: ARTHUR L. MERCER,                    1:15-af-3
                                            (GLS)

                    **Respondent.**
_____

# ORDER

On February 25, 2015, United States District Judge Glenn T. Suddaby[1] recommended that respondent Arthur L. Mercer be enjoined from filing future cases in this District without permission from the Chief Judge. (Dkt. No. 9, 1:14-cv-1029.) As such, Mercer must be given an opportunity to show cause why an anti-filing injunction should not be entered.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New*

---

[1] As referenced below, Judge Suddaby's recommendation came by way of the same recommendation from Magistrate Judge Randolph F. Treece in a Report-Recommendation and Order dated January 23, 2015. (Dkt. No. 8, 1:14-cv-1029.)

*York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

After carefully reviewing the record—including Magistrate Judge Randolph F. Treece's Report-Recommendation and Order, (Dkt. No. 8 at 11-14, 1:14-cv-1029), and Judge Suddaby's Decision and Order adopting that Report-Recommendation and Order and referring the matter, (Dkt. No. 9, 1:14-cv-1029)—the court concludes that, unless he shows cause otherwise, Mercer should be enjoined from filing future lawsuits without leave of the Chief Judge. The court notes that Mercer has filed six

previous lawsuits in this District (five prisoner civil rights actions and one habeas corpus action), all of which have been dismissed by the court *sua sponte*.[2] With respect to his civil rights actions, each of the five were dismissed as frivolous and/or meritless. An appeal of one of those actions was also dismissed as frivolous by the Second Circuit Court of Appeals.[3]

Notwithstanding the overwhelming support for an anti-filing injunction, fairness dictates that Mercer be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As such, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from any further filings in the Northern District of New York without leave of the court.

**WHEREFORE**, for the foregoing reasons, it is hereby

---

[2] *See Mercer v. Carnright*, No. 9:11-cv-783, Dkt. No. 4 (habeas corpus petition dismissed by the court *sua sponte* on July 21, 2011 for lack of subject matter jurisdiction); *Mercer v. Petro*, No. 1:11-cv-157, Dkt.Nos. 5, 9 ,10 (Section 1983 action dismissed by the court *sua sponte* on June 29, 2011 pursuant to 28 U.S.C. § 1915(e)); *Mercer v. Cuomo*, No. 1:11-cv-232, Dkt. Nos. 9, 15, 16 (Section 1983 action dismissed by the court *sua sponte* on August 31, 2011 pursuant to 28 U.S.C. § 1915(e)); *Mercer v. Schneiderman*, No. 1:11-cv-490, Dkt. Nos. 5, 10, 11 (Section 1983 action dismissed by the court *sua sponte* on August 18, 2011 pursuant to 28 U.S.C. § 1915(e)); *Mercer v. Gudesblatt Lamb*, No. 1:13-cv-1052, Dkt. Nos. 4, 7, 8 (Section 1983 action dismissed by the court *sua sponte* on November 6, 2013 pursuant to 28 U.S.C. § 1915(e)); *Mercer v. Harp.*, No. 1:14-cv-1029, Dkt. Nos. 8, 9, 10 (Section 1983 action dismissed by the court *sua sponte* on February 25, 2015 pursuant to 28 U.S.C. § 1915A).

[3] *See Mercer v. Cuomo*, No. 11-4098-cv (2d Cir. 2012) (dismissing appeal because it lacked an arguable basis in law or fact).

**ORDERED** that Mercer shall, within fourteen (14) days of the date of this Order, show cause, *in writing*, why he should not be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge; and it is further

**ORDERED** that, if Mercer does not fully comply with this Order, the court will issue a subsequent order, without further explanation, permanently enjoining Mercer from filing a pleading or document of any kind in any other case in this District without leave of the court; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Mercer by certified mail.

**IT IS SO ORDERED.**

April 2, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court